IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNEDY LEGEL, | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 4:25-CV-0224 |
| | § | |
| TRANS UNION, LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC., | § | |
| EQUIFAX INFORMATION SERVICES, | § | |
| LLC, and LJ ROSS & ASSOCIATES, | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**
**MOTION TO REDACT**

Defendant Experian Information Solutions, Inc. ("Experian") hereby moves to redact a photograph of an Administrative Report contained on page thirty-four of Douglas Hollon's expert report, which is appended as Exhibit B to its Motion to Strike or Exclude Expert Testimony of Douglas Hollon. An unredacted version of Mr. Hollon's full report will be filed separately under seal. Plaintiff is opposed.

**LEGAL STANDARD**

While "[t]he public has a common-law right to inspect and copy judicial records," "[t]hat right is not absolute." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 454 (5th Cir. 2015). "In exercising its discretion, a district court must 'balance the public's common law right of access against the interests favoring nondisclosure." *Id.* (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

"[G]ood cause exists" to seal exhibits when they "contain confidential information," particularly information that has been designated as such pursuant to a protective order. *E.g.,*

- 1 -

*RLIS, Inc. v. Cerner Corp.*, 2014 U.S. Dist. LEXIS 190883, at *2 (S.D. Tex. Dec. 24, 2014) (granting motion for leave to file under seal documents that had been designated under the protective order); *360 Mortg. Grp., LLC v. Bivona-Truman*, No. 1:14-CV-847-SS, 2016 WL 7616575, at *2 (W.D. Tex. May 24, 2016) (finding good cause to seal exhibits containing "sensitive information of the Parties themselves, which the Parties have designated under the Protective Order as 'Confidential' or 'Attorneys' Eyes Only.'").

## **DISCUSSION**

The sensitivity of the information contained in the Administrative Report is sufficient to overcome the general presumption against sealing judicial records. *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421, 417 (5th Cir. 2021). Harm to a business through disclosure of confidential business information has been found to meet that standard. *See, e.g., Comput. Scis. Corp. v. Tata Consultancy Servs.*, No. 3:19-CV0970-X, 2023 U.S. Dist. LEXIS 224058, at *4 (N.D. Tex. Dec. 15, 2023) (granting a request to seal where the parties "did their part to explain why the risk of disclosure outweighs the public's right to know because these exhibits disclose confidential commercial information and trade secrets and would cause competitive harm to their businesses.").

The Administrative Report is a confidential document produced pursuant to the protective order in this case that contains codes, fields, formatting, and procedures derived from Experian's proprietary computer systems. The Protective Order in this case provides that "[i]f any party wishes to submit Confidential Information . . . to the Court, [the] party must do so under seal, accompanied by a motion to seal pursuant to Local Rule CV-5(a)(7)." Doc. 34, Order, ¶ 15. Since the entire Administrative Report has been designated confidential, under the Protective Order, no portion of it may be submitted unless under seal.

Further, the information contained in the photograph of the Administrative Report is highly confidential and forms a core part of Experian's proprietary credit reporting system. Such information could be used by a competitor to reverse-engineer Experian's computer systems, and eliminating Experian's hard-earned competitive advantage. Therefore, it is essential to Experian's competitive advantage and data security that the Court protect the information by allowing Experian to redact the photograph of the Administrative Report shown in Mr. Hollon's expert report.

Finally, Experian's interest in keeping the information shown in the photograph of the Administrative Report confidential outweighs the public's interest in accessing that document.

## CONCLUSION

The Court should grant Experian's Motion to Redact the photograph of the Administrative Report from Mr. Hollon's Report.

Dated:  June 5, 2026                                          Respectfully submitted,


                                                             */s/ Ryan J. Demarest*
                                                             Ryan J. Demarest
                                                             JONES DAY
                                                             TX Bar No. 24138109
                                                             2727 North Harwood Street
                                                             Dallas, TX 75201
                                                             Telephone: 214-220-3939
                                                             Facsimile: 214-969-5100
                                                             Email: rdemarest@jonesday.com

                                                             *Counsel for Defendant*
                                                             *Experian Information Solutions, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 5, 2026, I conferred with Plaintiff's counsel, Dennis McCarty, regarding this motion.  Plaintiff is opposed.

*/s/ Ryan J. Demarest*
Ryan J. Demarest

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, I caused the foregoing to be electronically filed with the clerk of court for the U.S. District Court for the Eastern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Ryan J. Demarest
Ryan J. Demarest