**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**Kennedy Legel**                                    **Civil Action No.  4:25-cv-224**

   **Plaintiff**

**v.**

**Experian Information Solutions, Inc.**
**et al.**

   **Defendant**


**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S**
**EXPERT DOUGLAS HOLLON**

**COMES NOW,** Plaintiff Kennedy Legel (hereinafter Plaintiff) files his brief in opposition

to Defendant's Motion to strike Plaintiff's Expert, Douglas Hollon.

**INTRODUCTION**

Experian filed a motion to strike Plaintiff's Expert, Douglas Hollon, in its entirety.  A

witness who is qualified as an expert by knowledge, skill, experience, training, or education may

testify in the form of an opinion if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of
fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.


*Please see* USCS Fed Rules Evid R 702

Daubert goes to the admissibility, the weight is left to the jury. *Please see Patton v. Metro.*

*Lloyds Ins. Co. of Tex.*, No. 5:21-CV-074-H, 2022 U.S. Dist. LEXIS 132082, at *8-9 (N.D. Tex.

Feb. 14, 2022)(The gatekeeping function under *Daubert* and its progeny applies only to the expert

1

testimony's admissibility; it does not extend to its weight, which is properly left to the jury. *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996). "Courts routinely reject challenges to the admissibility of expert testimony based on arguments that the expert failed to take into account certain data in forming his or her opinions." *Blottin v. Mary Kay Inc.*, No. 3-10-CV1905-M-BD, 2012 U.S. Dist. LEXIS 205296, 2012 WL 13026814, at *3 (N.D. Tex. Aug. 22, 2012); *see Browning v. Sw. Rsch. Inst.*, No. SA-05-CA-0245-FB, 2006 U.S. Dist. LEXIS 98612, 2006 WL 6549921, at *2 (W.D. Tex. Aug. 17, 2006) (collecting cases). Indeed, "it is the role of the adversarial system, not the court, to highlight weak evidence." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). *Daubert* is therefore not a replacement for the adversarial process embodied in a trial on the merits. *Mathis*, 302 F.3d at 461 (citing *Pipitone*, 288 F.3d at 250). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *14.38 Acres of Land*, 80 F.3d at 1078 (quoting *Daubert*, 509 U.S. at 596); *accord Dearmond v. Wal-Mart La. LLC*, 335 F. App'x 442, 444 (5th Cir. 2009) ("Crossexamination at trial . . . is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of [the [*9 fact finder]."). Thus, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

The Northern District of Texas made an interesting ruling on the gatekeeping role under Rule 702. *Please see Veroblue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2023 U.S. Dist. LEXIS 9897, at *27 (N.D. Tex. Jan. 20, 2023)(As explained above, the Court should not, in its gatekeeping role under Rule 702 and *Daubert*, exclude a proffered expert witness's opinion or testimony because (1) it is not correct; (2) it contradicts other expert testimony or relies on a sets of facts that

conflicts with that relied on by contradictory expert testimony, even if that contradictory expert testimony has been found to be reliable; or (3) it does not conclusively prove the proponent's theory of its case or an element of a claim or defense. But the Court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.).

## BRIEF AND AUTHORITIES

Experian made this identical argument against Mr. Hollon in this Court, and Judge Mazzant recently ruled on this issue in *Delgado v. Experian Info. Sols., Inc.*, Civil Action No. 4:24-cv-637, 2026 LX 153272 (E.D. Tex. Mar. 10, 2026).

In fact, a lot of this arguments seems to be cut and pasted from the Delgado case. Plaintiff will follow Judge Mazzant's ruling, which allowed Mr. Hollon to testify with some limitations.

Douglas A. Hollon ("Hollon") is a Consumer Data Industry Association ("CDIA") certified consumer credit expert with seventeen years of experience in the consumer reporting industry. More specifically, Hollon has fourteen years of direct experience with Experian's consumer-credit reporting and dispute policies, as well as specialized training in Experian's internal storage procedures and database operations. Further, Hollon was prepared by Experian to testify on its behalf as a 30(b)(6) representative, on approximately twenty different occasions, for cases involving the Fair Credit Reporting Act ("FCRA").

Mr. Hollon worked for Experian for fourteen (14) years, and after leaving Experian he has spent the last five (5) years testifying in FCRA cases against both the credit reporting bureaus and data furnishers. During his time with Experian, Mr. Hollon worked and gained experience in a number of positions, including serving as Experian's 30(b)(6) witness. In his fourteen (14) years with Experian, Mr. Hollon's in-depth experience provided him with an incredible amount of

3

knowledge regarding credit reporting industry as a whole, including data furnisher's duties and responsibilities. Mr. Hollon has also been certified by the Consumer Data Industry Association (CDIA). Not only has Mr. Hollon gained specialized experience regarding the credit reporting industry as a whole, but he has been designated as an expert in over 100 FCRA cases.

Federal courts routinely permit consumer reporting experts like Hollon to testify and assist the jury in understanding the world of credit reporting, which is rendered opaque by the intentional decisions of consumer reporting agencies, or "CRAs," like Experian. The CRAs hide their inadequate procedures behind claims of "industry secrets" and so-called "proprietary algorithms." Plaintiff retained Hollon to provide technical, expert testimony based on his extensive industry knowledge and specialized experience, including over a decade of experience with Experian.

## I.    This Court has ruled that Mr. Hollon can testify as to the types of damages typically caused by errors on credit reports.

Experian made this identical argument in *Delgado*, and Judge Mazzant ruled that Mr. Hollon can testify as to the types of damages typically caused by credit errors on credit reports. *Delgado v. Experian Info. Sols., Inc.*, Civil Action No. 4:24-cv-637, 2026 LX 153272, at *6 (E.D. Tex. Mar. 10, 2026)(Hollon cannot testify about Plaintiff's specific damages or their cause but may testify about the types of types of damages typically caused by errors on credit reports. *Nelson*, 2024 U.S. Dist. LEXIS 114455, 2024 WL 3219180, at *3.)

Just as in the *Delgado* case, Mr. Hollon did not give an opinion as to Plaintiff's emotional damages. *See* Exhibit A at ¶3. Because of that, Judge Mazzant ruled that he would not exclude testimony that he did not intend offer, and if he does, then it can be objected to at trial. *Delgado v. Experian Info. Sols., Inc.*, Civil Action No. 4:24-cv-637, 2026 LX 153272, at *6 (E.D. Tex. Mar. 10, 2026)(The Court will mostly follow *Nelson*'s lead on this point. However, in this case, Plaintiff denies that Hollon offers testimony about the emotional distress Plaintiff allegedly experienced. The

4

Court sees no reason to exclude testimony that Plaintiff does not intend to offer.  If Hollon attempts to testify about Plaintiff's emotional distress, the Court will take up any objection at trial.).

Experian attempts to argue that Mr. Hollon's opines as to credit applications as well as credit scores are inadmissible.  However, Mr. Hollon is a trained credit analyst and can testify as to those damages. Mr. Hollon's attached declaration states, In July 2023, the training was completed with New York Institute of Finance (NYIF), who has been training people for over 100 years. The training involved analyzing a loan from the application to completion, whether the loan was granted or denied. The analysis would include: the loan amount, the term of the loan, any collateral involved, interest rate or APR, credit scores, credit report history, etc. Essentially, the training included assessing a borrower's Character (credit worthiness, reputation), Capacity (ability to repay debt), Capital (borrower's income, net worth, down payment capacity, Collateral (if any), and Conditions (terms of the loan, trends in the economy, risks).".  *See* Exhibit A at ¶4.

## II.    This Court has ruled that Mr. Hollon can testify if defendant's conduct conformed to industry standards.

Experian argued that Mr. Hollon offered improper legal conclusions. With the same argument in *Delgado*, this Court ruled that Mr. Hollon can testify about whether a defendant's conduct conformed to industry standards.  That is exactly what Mr. Hollon will do. *See* Exhibit A at ¶5.  Based on Judge Mazzant's ruling in *Delgado*, Mr. Hollon will not use language such as "unreasonable, unreliable, inadequate, negligent, willful" and will not state that particular conduct violated the FCRA. *See Delgado v. Experian Info. Sols., Inc.*, Civil Action No. 4:24-cv-637, 2026 LX 153272, at *7 (E.D. Tex. Mar. 10, 2026)(Defendant argues that some of Hollon's opinions are improper legal conclusions. Plaintiff responds that Hollon will not use language such as "unreasonable, unreliable, inadequate, negligent, willful" or definitively state that particular conduct violated the FCRA (Dkt. #49 at p. 13). Instead, Plaintiff represents, Hollon will testify

5

about "consumer reporting industry standards," and "how a defendant's conduct or procedures comport with those standards" (Dkt. #49 at p. 14).  Based on Plaintiff's representations, the Court will not exclude Hollon's testimony. If, at trial, Hollon offers legal opinions that contradict Plaintiff's representations to the Court, the Court will take appropriate action upon objection. *see Garcia v. Equifax Info. Servs., LLC*, No. 8:22-CV-1987-WFJ-UAM, 2024 U.S. Dist. LEXIS 73396, 2024 WL 1739505, at \*2 (M.D. Fla. Apr. 23, 2024) (allowing an expert to testify about whether a defendant's conduct conformed to industry standards and explaining that Court will instruct jury on the correct law if confusion arises at trial).  Therefore, on this point, the Motion will be denied.).

As to Experian's miscited and misapplied argument that the sole reliance on an ACDV is a reasonable investigation, is legally inaccurate.  The Fifth Circuit ruled that Experian cannot solely rely on the ACDV if the consumer alerted them that the original source is unreliable. That is exactly what happened in this case.  Plaintiff disputed the account three times and the dispute letters clearly alerted Experian that LJ Ross was not a reliable source.  Plaintiff will file the third dispute letter as evidence. *See* Exhibit B.

Experian's argument that ACDVs are reasonable as a matter of law is directly contrary to the Fifth Circuit.  Not only did Experian cherry pick the facts of this case, but they cherry picked the law in an attempt to create an argument that literally does not exist in this case.  The Fifth Circuit affirmed the *Morris* ruling, that a "duty to go beyond the original source may also arise when the consumer has alerted the reporting agency to the possibility that the source may be unreliable or the agency has reason to question the source's reliability". *See Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 755 (S.D. Tex. 2005), aff'd, 224 F. App'x 415 (5th Cir. 2007)(According to Seventh Circuit law, the duty to go beyond [\*\*45] the original source arises when: 1) "the consumer has alerted the reporting agency to the possibility that the source may be

unreliable" or the agency has reason to question the source's reliability; and 2) "the cost of verifying the accuracy of the source [does not outweigh] the possible harm inaccurately reported information may cause the consumer." Henson, 29 F.3d at 287.); *See also Barron v. Equifax Info. Servs. LLC*, No. 3:16-CV-690-DPJ-FKB, 2019 U.S. Dist. LEXIS 242230, at *18-19 (S.D. Miss. Sep. 30, 2019), aff'd, 802 F. App'x 161 (5th Cir. 2020)(A "duty to go beyond the original source" may also arise when "'the consumer has alerted the reporting agency to the possibility that the source may be unreliable' or the agency has reason to question the source's reliability." *Morris*, 420 F. Supp. 2d at 755 (quoting *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994)); *id.* at 755-56 (finding no heightened duty). This happened in *Pinner v. Schmidt*, where the court found it was "insufficient" [*19] for a credit-reporting agency to contact only the store manager, who had a known personal rivalry with plaintiff, to verify delinquency of plaintiff's store-charge account. 805 F.2d at 1262.); *see also Watkins v. Experian Info., Sols., Inc.*, No. 6:13-CV-00239-WSS-JCM, 2014 U.S. Dist. LEXIS 150321, at *20-21 (W.D. Tex. Sep. 8, 2014)(Courts have held that there are certain circumstances in which it is unreasonable for a consumer reporting agency to rely exclusively on the creditor's response to verify disputed information. The Third and Seventh Circuits [*21] have held that whether the credit reporting agency has a duty to go beyond its original source of information will depend on factors such as whether the consumer has alerted the reporting agency to the possibility that the source may be unreliable and the cost of verifying the accuracy of the source versus the possible harm inaccurately reported information may cause the consumer. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) (when consumer reported possibility that someone had obtained credit cards in her name and was using them fraudulently, statute required more of consumer reporting agency than simply confirming with card issuers that cards had been issued in consumer's name); *Henson v. CSC Credit Services*, 29 F.3d 280, 286 (7th Cir. 1994) (holding that after consumer reporting agency receives notice that

report of judgment against consumer may be inaccurate, it has duty to look beyond reporting of judgment, although it has no such duty prior to receipt of notice).  The Fifth Circuit has similarly held that CRAs may sometimes have a duty to go beyond a creditor's response to a disputed item in limited circumstances. *See Stevenson v. TRW INC.*, 987 F.2d, 288, 293 (5th Cir. 1993); see also *Childers v. Rent-A-Ctr. E., Inc.*, 751 F. Supp. 3d 650, 663 (E.D. La. 2024)(The Fifth Circuit, along with other circuits, has recognized that a reasonable investigation may require a consumer reporting agency to go to greater depths in verifying accuracy than simply relying on the response by the original source of information. "In a reinvestigation of the accuracy of credit reports, a credit bureau must bear some responsibility for evaluating the accuracy of information obtained from subscribers."While Experian contends that it went beyond the ACDV process and confirmed the accuracy of Plaintiff's address, based on the apparent discrepancy in the address used to create the fraudulent account, there is a genuine dispute as to whether the steps taken by Experian were reasonable.).

In addition, Experian makes up an argument that Mr. Hollon opines that the FCRA is a strict liability statute.  Mr. Hollon's report does not even say the word "strict".

### III.    This Court ruled Mr. Hollon's methodology is reliable and permissible

Mr. Hollon's used the exact same methodology in this case as he did in the *Delgado* case. *See* Exhibit A ¶6.

Experian's arguments in this case are extremely similar as to the argument they made in the *Delgado* case, so much so that many of the paragraphs are word for word.   The bottom-line arguments in *Delgado* were made in this case. See *Delgado v. Experian Info. Sols., Inc.*, Civil Action No. 4:24-cv-637, 2026 LX 153272, at *7-8 (E.D. Tex. Mar. 10, 2026)(Defendant argues that Hollon's opinions are unreliable because he has no methodology and his opinions are full of

serious errors. Plaintiff responds that Hollon's method is sufficiently reliable and that [*8] any alleged errors would be better explored through cross-examination.).

Plaintiff argues just as it was argued in *Delgado*, that Mr. Hollon used and applied his 19 years of FCRA experience and research to the set of facts in this case, which is a reliable methodology and is permissible. *See Delgado v. Experian Info. Sols., Inc.*, Civil Action No. 4:24-cv-637, 2026 LX 153272, at *8-9 (E.D. Tex. Mar. 10, 2026)(The Court agrees with Plaintiff. It is true that Hollon does not name a specific method. It is also true that the *Nelson* court excluded Hollon's opinions about the reasonableness of the defendant's procedures. *Nelson*, 2024 U.S. Dist. LEXIS 114455, 2024 WL 3219180, at *2. But as the *Garcia* court explained, "where an expert's testimony is 'based on his experience and research in FCRA matters,' the expert's testimony may be reliable even where his method is simply an application of his experience with and understanding of the FCRA and the credit reporting industry to the facts at hand." 2024 U.S. Dist. LEXIS 114455, [WL] at *4 (citation modified). Here, Hollon's testimony rests primarily on his 19 years of experience, which is permissible. *See* 2024 U.S. Dist. LEXIS 114455, [WL] at *3 ("If the expert witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." (citation modified)). Hollon's experience and expertise led him to conclude that alternatives to Defendant's procedures would prevent mixed files, and it is for the jury to decide whether his opinion is credible. *[*9] See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc) (explaining that an expert's proponent need not show an expert's opinion is correct to satisfy the reliability element); *Wellemeyer*, 2023 WL 11262971, at *4 ("Determining reliability . . . does not require a court to evaluate the accuracy of an expert's opinion—a task reserved for the jury . . . ."); *Panchenko*, 2025 U.S. Dist. LEXIS 157040, 2025 WL 2372597, at *4 (N.D. Cal. Aug. 13,

2025) ("A jury can decide how much weight to give Hollon's testimony in light of the information he examined or failed to examine in reaching his opinions."); *Huizar*, 2025 U.S. Dist. LEXIS 217972, 2025 WL 3085049, at *5 (holding that Hollon used reliable principles and methods because the "caselaw is clear that when a qualified expert uses their expertise and experience to arrive at an opinion based on an assumed set of relevant facts, that is a reliable methodology"). Although Defendant identifies deficiencies in Hollon's testimony, the Court is unconvinced that exclusion is required. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").  Accordingly, the Motion will be denied on this point.).

Experian then argues that Mr. Hollon should not be able to testify that Experian received Plaintiff's third dispute and package.  But Mr. Hollon can testify as to his opinions that he formed from the facts, even if they are hearsay or otherwise not admissible. *Collins v. Benton*, 571 F. Supp. 3d 498, 508 (E.D. La. 2021)(Moreover, experts may rely on inadmissible evidence [**14]  in reaching their ultimate conclusions. Even assuming this evidence contains hearsay, Fey, as an expert, may rely on that hearsay in reaching his opinion. Therefore, Fey may testify generally about his personal knowledge of other similar accidents, particularly to the extent that such evidence is an indicia that an accident was staged or intentional.).  In addition, Mr. Hollon can testify that Experian received the documents in the mail because they are presumed to be received. S*ee Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983)(A letter properly addressed, stamped and mailed may be presumed to have been received by the addressee in the due course of the mail. *Southland Life Insurance Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854 (Tex.1942); *also see Acosta v. Tex. Dep't of Criminal Just.*, No. 3:21-CV-0816-B, 2022 U.S. Dist. LEXIS 117495, at *13-14 (N.D. Tex. July 5, 2022)(Acosta is therefore presumed to

have received the right-to-sue letter no later than September 23, 2020. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the [*14]  letter was mailed.").

### IV.    Qualified is a liberal standard

The standard for determining if an expert is qualified is a liberal standard.  Witness need not have specialize experience in the area directly pertinent to the issue if the expert has qualifications in the general field related to the subject matter.  *Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038, 1044-45 (N.D. Tex. 2022)("The standard for qualifying expert witnesses is fairly liberal; the witness need not have specialized expertise in the area directly pertinent to the issue in question if the witness has qualifications in the general  [*1045]  field related to the subject matter in question." *Guzman v. Mem'l Hermann Hosp. Sys.*, No. CIV.A. H-07-3973, 2008 U.S. Dist. LEXIS 101781, 2008 WL 5273713, at *15 (S.D. Tex. Dec. 17, 2008). "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 455 (5th Cir. 2009). The inquiry is whether a particular expert has "sufficient specialized knowledge to assist the [**8]  jurors in deciding the particular issues." *Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho*, 526 U.S. at 156). The court has wide discretion in determining whether an expert is qualified. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997).

Mr. Hollon worked for Experian for over 14 years and since leaving Experian, he has been a testifying witness in over a 100 FCRA cases for the last 5 years.  Mr. Hollon's experience and knowledge that he gained while working at Experian as well as being an expert against both the credit reporting agencies and data furnishers makes him more than qualified to opinion to the facts within this case, which he properly described within his expert report.  Experian might not like it,

11

but that does not make him unqualified. *Cobb v. James Constr. Grp.*, No. 5:17CV208-CMC, 2020 U.S. Dist. LEXIS 115996, at *23 (E.D. Tex. Jan. 13, 2020)(Experts need not be highly qualified to testify, and differences in expertise go to the weight of their testimony, not its admissibility. *UMG Recordings*, 2019 U.S. Dist. LEXIS 117953, 2019 WL 3207803, at *4 (citing *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)).

## V.    Mr. Hollon's testimony is Relevant

The testimony is relevant if it assists the trier of fact in understanding the evidence. *Howard v. Cal Dive Int'l, Inc.*, No. 09-6265, 2011 U.S. Dist. LEXIS 3496, at *1 (E.D. La. Jan. 5, 2011)(Expert testimony is relevant under Daubert if it assists the trier of fact in understanding the evidence.)

The jury will most likely have little to no knowledge of the issues in this case. While Plaintiff's Counsel will be arguing the standards and requirements that the FCRA imposes on Experian, Mr. Hollon's testimony will assist the jury in determining that Experian's conduct did not meet FCRA industry standards.

## VI.    Mr. Hollon's testimony is Reliable

This Court has ruled that Mr. Hollon's testimony is reliable. *Delgado v. Experian Info. Sols., Inc.*, Civil Action No. 4:24-cv-637, 2026 LX 153272, at *8-9 (E.D. Tex. Mar. 10, 2026)Hollon's experience and expertise led him to conclude that alternatives to Defendant's procedures would prevent mixed files, and it is for the jury to decide whether his opinion is credible. *[*9] See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc) (explaining that an expert's proponent need not show an expert's opinion is correct to satisfy the reliability element); *Wellemeyer*, 2023 WL 11262971, at *4 ("Determining reliability . . . does not require a court to evaluate the accuracy of an expert's opinion—a task reserved for the jury . . . ."); *Panchenko*, 2025 U.S. Dist. LEXIS 157040, 2025 WL 2372597, at *4 (N.D. Cal. Aug. 13,

12

2025) ("A jury can decide how much weight to give Hollon's testimony in light of the information he examined or failed to examine in reaching his opinions."); *Huizar*, 2025 U.S. Dist. LEXIS 217972, 2025 WL 3085049, at *5 (holding that Hollon used reliable principles and methods because the "caselaw is clear that when a qualified expert uses their expertise and experience to arrive at an opinion based on an assumed set of relevant facts, that is a reliable methodology").

### VII.    Experian's arguments in the footnotes are forfeited.

Experian argued a significant portion of the motion in the footnotes, so much that one of footnotes is about 75% of the page. *See* Dkt. No.113 at p.14.  And the next page is close to have the page in footnotes.  *See* Dkt. No.113 at p.15.  The Fifth Circuit has ruled that arguments in forfeited and should not be considered. *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 596 (5th Cir. 2023)(We have repeatedly cautioned that arguments appearing only in footnotes are "insufficiently addressed in the body of the brief" and are thus forfeited.32 Delta's Rule 54(b) argument meets this predictable fate.).

**PRAYER**

**WHEREFORE**, Plaintiff respectfully requests that Experian's Motion to strike Plaintiff's Expert be denied, and that Plaintiff be allowed to present the testimony of his proffered expert at the trial.

Dated: June 29, 2026

Respectfully submitted,

/s/Dennis McCarty
Dennis McCarty
McCarty Law Firm
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174

P.O. Box 211
Granbury, Texas 76049
Telephone: 866-969-3989
dennismccartylaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys on record:

Date Signed this the 29th day of June 2026

Respectfully submitted,

/s/Dennis McCarty_____
Dennis McCarty
Attorney for Plaintiff