**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KENNEDY LEGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 4:25-cv-00224-ALM-AGD |

**REPLY IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**MOTION TO COMPEL ARBITRATION**

**INTRODUCTION**

This is a straightforward motion to resolve. In the Fifth Circuit, arbitration must be ordered where the parties have entered into a valid agreement to arbitrate, and the dispute falls within the scope of that agreement. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). Where, as here, the contract has a delegation clause—broadly delegating "[a]ll issues" to an arbitrator—the second question over the arbitrability of claims must be resolved in arbitration. *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 67-69 (2019). Plaintiff did not challenge the enforceability of the delegation clause. It must be enforced. *See Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010) ("[U]nless [Plaintiff] challenged the delegation provision specifically, we must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator."). Thus, this Court's task in resolving this Motion is limited to resolving one issue: Is there a valid agreement to arbitrate between the parties?

On the threshold issue of contract formation, Experian submitted the Declaration of Dan Smith, who attested as to the exact date and exact manner in which Plaintiff enrolled in CreditWorks. Smith Decl., ¶¶ 3-7. Mr. Smith further attested that, in order to enroll, Plaintiff had to click an enrollment button manifesting his assent to the Terms of Use and the Arbitration Agreement and Delegation Clause contained therein. *Id.*, ¶¶ 3-5. Mr. Smith also explained that Plaintiff clicked the enrollment button, and accepted the Terms of Use, thereby agreeing to resolve disputes in arbitration, including claims under the "Fair Credit Reporting Act." *Id.* That agreement to arbitrate expressly applies to "claims that may arise after the termination of this Agreement." *Id.*

1

In opposing this Motion, Plaintiff does not dispute any of these facts. Indeed, Plaintiff does not present any evidence of his own. Accordingly, there is no dispute of fact on the issue of contract formation. And, because all issues of arbitrability have been delegated to an arbitrator pursuant to a Delegation Clause that Plaintiff did not challenge, the Motion to Compel Arbitration should be granted.

## ARGUMENT

None of Plaintiffs arguments in opposition to this Motion withstands scrutiny.

## I.    WAIVER HAS BEEN DELEGATED TO AN ARBITRATOR

Plaintiff leads with waiver, contending that Experian's litigation conduct waived its contractual right to compel arbitration. Plaintiff has pressed his argument in the wrong forum.

The issue of waiver by litigation conduct has been expressly delegated to an arbitrator pursuant to a Delegation Clause that Plaintiff did not challenge:

> All issues are for the arbitrator to decide including, but not limited to, . . . (iii) **whether you or ECS, through litigation conduct or otherwise, waived the right to arbitrate** . . . . Pursuant to this agreement, **the arbitrator has been delegated with, and possesses, exclusive authority to resolve all of the above-enumerated types of disputes**.

Smith Decl., Ex. 2 (emphasis added). In *Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343 (11th Cir. 2025), the Eleventh Circuit, in evaluating this very delegation clause, held that the issue of waiver had been delegated to an arbitrator: "Lamanco and Experian 'clearly and unmistakably agreed to arbitrate [waiver].' The District Court was obligated to honor that delegation. Its failure to do so was error." *Id*. at 1349 (internal citation omitted); *see also Acorin v. Experian Info. Sols., Inc.*, 2024 WL 5011950, at *7 (S.D. Cal. Dec. 6, 2024) ("The Court finds the arbitration clause contains a clear and unmistakable provision that the question of waiver based on litigation should be decided by the arbitrator. Indeed, while the clear and unmistakable standard is a high bar, no

2

ambiguity exists in the phrase "[a]ll issues are for the arbitrator to decide, including ... whether you or ECS, through litigation conduct or otherwise, waived the right to arbitrate[.]").  The issue of waiver clearly has been delegated to an arbitrator.

Plaintiff does not contend otherwise.  Indeed, he ignores the delegation clause that expressly delegates waiver.  And, he avoids Fifth Circuit case law that holds that, like all other circuits, the issue of waiver by litigation conduct is "presumptively" for a court to decide absent clear and unambiguous delegation language in an agreement.  *See Vine v. PLS Fin. Servs., Inc.*, 689 F. App'x 800, 803 (5th Cir. 2019) (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 14 (1st Cir. 2005) ("We hold that the Supreme Court ... did not intend to disturb the traditional rule that waiver by conduct, at least due to litigation-related activity, is presumptively an issue for the court.")); *Grigsby & Assocs., Inc. v. M. Sec. Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011) (same).  Because the CreditWorks Terms of Use has clear and unambiguous language delegating the issue of waiver, the presumption does not apply.

In *Lamonaco*, the Eleventh Circuit emphasized that its earlier decision in *Grigsby*—which *Vine* cites with approval—espoused the same rule: "*Grigsby* holds that waiver is presumptively a question for the courts.  [Citation.] That rule is merely a default.  [Citation.]  *Grigsby* does not address what happens when the parties agree to delegate waiver issues to the arbitrator."  141 F.4th at 1349.  The plaintiff in *Lamonaco* insisted that "courts must always decide waiver."  *Id*.  The Eleventh Circuit rejected the argument, explaining that such "argument misreads *Grigsby*."  *Id*.  *Lamonaco* explained that the issue of waiver is "presumptively" for a court to decide absent clear and unambiguous contract language delegating the issue to an arbitrator.  The Delegation Clause in the CreditWorks Terms of Use contains admits of no ambiguity:  Waiver has been expressly delegated.

In short, "because no ambiguity exists in the phrase '[a]ll issues are for the arbitrator to decide, including ... whether you or ECS, through litigation conduct or otherwise, waived the right to arbitrate,'" *see Acorin*, 2024 WL 5011950, at *7, the issue of waiver belongs before an arbitrator.

**II.     PLAINTIFF'S ARBITRABILITY CHALLENGES BELONG IN ARBITRATION TOO**

Next, Plaintiff argues that "Experian's motion fails because Plaintiff can prove that none of the facts, information, allegations, claims, or violations that Plaintiff alleged against Experian arose from or related to the arbitration agreement with Creditworks." ECF No. 125 at 6.  Plaintiff's argument is foreclosed by binding Supreme Court precedent:

> When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the  contract. In those circumstances, a court possesses no power to decide the arbitrability issue.  That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.

*Henry Schein*, 586 U.S. at 67-69.  As Plaintiff did not challenge the enforceability of the delegation clause, it must be enforced, including the obligation that "all" arbitrability issues are to be resolved by an arbitrator in arbitration.  *Id*.  Moreover, should Plaintiff press such arbitrability challenge before the AAA, it stands little chance of success.  Not only does the contract expressly apply to claims under the "Fair Credit Reporting Act," it also expressly sweeps in "claims that may arise after the termination of this Agreement."  Smith Decl., ¶¶ 3-5.

**III.    THE TERMS OF USE DOES NOT CONTAIN A "UNILATERAL" ARBITRATION AGREEMENT**

Next, Plaintiff says that the arbitration agreement is unenforceable because it is "unilateral."  Unsurprisingly, every court that has been presented with such argument regarding the CreditWorks Terms of Use has rejected it.  *See*, *e.g.*, *Stephens v. Experian Info. Sols., Inc.*, 614

4

F. Supp. 3d 735, 746 (D. Haw. 2022) (rejecting argument that the arbitration agreement in the Terms of Use was unconscionable, noting that "the arbitration clause itself could not be unilaterally altered" and that the arbitration agreement "applies equally to both parties"—*i.e.*, it is not "unilateral"); *Solis v. Experian Info. Sols., Inc.*, 2023 WL 4474322, at *4 (M.D. Fla. July 11, 2023) ("[T]he provision that Plaintiff argues permits unilateral modification expressly states that "[e]ach time you order, access or use any of the Services or Websites, you signify your acceptance and agreement, without limitation or qualification, to be bound by the then current Agreement. Hence, it appears that subsequent modification of the parties' agreement requires consideration (*e.g.*, use of services or websites) and consent, rather than being truly unilateral.") (internal citation omitted); *Arciniega v. Experian Info. Sols., Inc.*, 2023 WL 6803084, at *4 (D. Ariz. Oct. 12, 2023) ("Plaintiffs contention that the terms of use can be unilaterally modified at any time is incorrect."); *Hirsch v. Experian Info. Sols., Inc.*, 2025 WL 3155936, at *7 (C.D. Cal. Oct. 2, 2025) ("[T]he Arbitration Agreement cannot be unilaterally modified at any time. . . . The Terms of Use Agreement provides that 'no unilateral amendment will retroactively modify the parties' agreed-to dispute resolution provisions of this Agreement for then-pending disputes, unless the parties expressly agree otherwise in writing.' . . . Additionally, Plaintiff 'may reject any ... change' made by ECS to the Arbitration Agreement 'and require ECS to adhere to the language in [the Arbitration Agreement] as written at the time of [Plaintiff's] enrollment or purchase.'").

The Texas state court cases that Plaintiff relies upon are factually inapposite. None concerned an agreement that, like here, requires acceptance of the modified provisions before they become binding. *Solis*, 2023 WL 4474322, at *4) ("[S]ubsequent modification of the parties' agreement requires consideration (*e.g.*, use of services or websites) and consent, rather than being truly unilateral."). Further, none of the cases that Plaintiff cites permitted the parties to reject

5

subsequent changes to the arbitration agreement, a fact that renders the arbitration agreement as non-unilateral. *Hirsch*, 2025 WL 3155936, at \*7; *Stephens*, 614 F. Supp. 3d at 746.

## **CONCLUSION**

For the foregoing reasons, EIS respectfully requests that the Court grant this Motion, enter an order directing Plaintiff to arbitrate his claims against EIS, and stay this action pending the completion of arbitration.

Dated:  July 6, 2026                                    Respectfully submitted,

*/s/ Jeffrey Allen Olmsted*
Jeffrey Allen Olmsted
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: 617-570-1000
Email:  jolmsted@goodwinlaw.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I electronically filed the foregoing Defendant Experian Information Solutions, Inc.'s Reply in Support of Motion to Compel Arbitration with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

/s/ *Jeffrey Allen Olmsted*
Jeffrey Allen Olmsted