**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KENNEDY LEGEL,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., et al.,<br><br>        Defendants. | Case No. 4:25-cv-00224-ALM-AGD |

**REPLY IN SUPPORT OF EXPERIAN'S MOTION TO STRIKE**
**OR EXCLUDE EXPERT TESTIMONY OF DOUGLAS HOLLON**

Plaintiff's Response largely abandons the opinions disclosed in Hollon's expert report. Rather than defend those opinions, Plaintiff submits a new declaration disclaiming testimony on emotional damages, promising not to use much of the language appearing throughout the report, and recasting the opinions he intends to offer at trial. Rule 702, however, requires the Court to evaluate the opinions actually disclosed, not a revised version offered after Experian moved to exclude them. Even then, Plaintiff leaves much of Experian's Motion unanswered. He offers no response to Hollon's opinions that a Section 1681i reinvestigation must resemble an Army "CID" investigation, that Experian conducted no reinvestigation despite processing two disputes and sending ACDVs, or that Experian's parent company's profits demonstrate it could have hired 25,000 additional dispute agents. Instead, Plaintiff relies almost exclusively on *Delgado v. Experian Information Solutions, Inc.*, No. 4:24-CV-637, 2026 WL 674189 (E.D. Tex. Mar. 10, 2026), a decision that itself excluded significant portions of Hollon's proposed testimony. The Court should follow *Johns v. Nelnet*, No. 22-CV-04791, 2026 WL 914621 (E.D. Pa. Mar. 31,

- 1 -

2026), and exclude Hollon's opinions in full.

## A.    Plaintiff's Silence Concedes Several Bases for Exclusion.

Plaintiff says nothing about Hollon's CID opinion, the theory on which *Johns* excluded him in full, 2026 WL 914621, at *16; nothing about his opinion that Experian conducted no reinvestigation "at all," though Experian indisputably processed two disputes and sent ACDVs to LJ Ross; and nothing about the financial analysis dividing worldwide parent company profits by Los Angeles median wages, which Hollon conceded ignores every employment cost but salary and any link to accuracy. Ex. A (Hollon Tr.) at 224:25-225:15; Ex. C (Najera Tr.) at 185:7-14. Under Local Rule CV-7(d), these unanswered arguments should be treated as unopposed, and categories (d), (e), and (i) of the Motion granted. Plaintiff's "footnote-forfeiture" theory, Resp. at 13, fails for the same reason it misreads *Smith v. School Board of Concordia Parish*, 88 F.4th 588, 596 (5th Cir. 2023): every argument appears in the body of Experian's Motion; the footnotes merely collect the supporting record cites and authority.

## B.    Declaration Concedes More Than It Cures.

Hollon's new declaration promises he will not opine on Plaintiff's emotional damages and will not use the words "unreasonable, unreliable, inadequate, negligent, willful." Dkt. 126-1 ¶¶ 3, 5. Even accepting the declaration at face value, it effectively concedes much of the relief Experian seeks: these conclusions saturate his report, which opines dozens of times that Experian "failed to follow adequate procedures" and "did not conduct a true investigation (much less a reasonable one)." Ex. B at 5, 31. And the promised word swap cures nothing because courts look to substance rather than labels. *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020). Indeed, Hollon has sworn the substitution is deliberate: "courts don't want me to say reasonable, so I don't say reasonable." Ex. A at 249:3–5. An opinion that Experian's reinvestigation was not "adequate" under a statute

requiring a "reasonable" one is the same legal conclusion wearing a synonym. And his outcome test, that procedures were inadequate "based on the outcome of what happened," *id.* at 63:14-65:11, effectively treats the statute as imposing strict liability, which it does not. Testimony of this kind is excluded because it "tells the jury what result to reach." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997).

**C.      *Delgado* Excludes, Not Rescues, the Damages Opinions.**

*Delgado* held "Hollon cannot testify about Plaintiff's specific damages or their cause." 2026 WL 674189, at *3. That is exactly what he offers here: that the tradeline affected Plaintiff's refinance rate and caused his score drop, opinions based, by his own oath, on "my conversations with retaining counsel," with "no mortgage documents" and "no idea what took place with the mortgage other than what I was told." Ex. A at 84:8-85:17, 107:2-108:7; *accord Nelson v. Experian Info. Sols., Inc.*, No. 2:23-CV-01634-RMG, 2024 WL 3219180, at *3 (D.S.C. June 27, 2024). As for damages "typically" suffered by other consumers, *Johns* correctly held such generalized statements "not relevant to the present case." 2026 WL 914621, at *15. A 35-hour certificate course, Dkt. 126-1 ¶ 4, does not fill this gap; Hollon concedes he has never made a credit decision and does not know how the FICO scoring algorithm even works. "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Brown v. Ill. Cent. R.R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013) (cleaned up).

Nor was Hollon qualified to give damages opinions in the first place. His sole credential regarding emotional harm is that he recalls listening to "anguish[ed]" consumers years ago at Experian. Ex. B at 12. He has never spoken with Plaintiff, Ex. A at 18:6–7, 58:17–24, and admits he has no medical, mental health, or psychiatric training. Ex. C at 66:15–17. On economic harm, he has never been responsible for a credit decision, *id.* at 65:7–11, and his recurring credit score

reduction estimate for a single collection account cites no study, data, or analysis of any kind, only his own credit history. Rule 26 requires the basis and reasons for every opinion. *See* Fed. R. Civ. P. 26(a)(2)(B). Repeating "experience and knowledge" throughout the report does not satisfy Rule 26 or Rule 702.

### D.      The ACDV Opinions Are Legal Conclusions (and Wrong Ones).

Plaintiff's reliance on *Morris*'s notice exception defeats itself. Resp. at 6–7. Whether *Morris* imposes any heightened duty under these facts is a legal question for the Court, not an expert witness. Counsel may argue *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 755 (S.D. Tex. 2006), *aff'd*, 224 F. App'x 415 (5th Cir. 2007), but Hollon cannot present that legal argument under the guise of expert testimony. And his actual opinion is categorical, not notice-based: the ACDV exchange is never "truly investigating," measured against dictionary definitions and CID training. Ex. B at 14. This collides with *Barron v. Equifax Information Services, L.L.C.*, 802 F. App'x 161, 163 (5th Cir. 2020), and *Ramirez v. Experian Information Solutions, Inc.*, No. 4:25-CV-00443-P, 2026 WL 833868, at *8 (N.D. Tex. Mar. 26, 2026) (stating the Fifth Circuit "has held that the use of [ACDVs] to reinvestigate consumer disputes is a reasonable method of investigation"). *Barron* also disposes of the claimed "notice" here because a bare assertion that the furnisher is "not a reliable source," Dkt. 126-2, is the same conclusory say-so *Barron* held provides "no reasonable factual basis" for requiring more.

### E.      Hollon's "Receipt" Opinion Is Speculation.

Plaintiff's reliance on the mailbox "presumption" misses the point. Here, the envelope's arrival is undisputed, and Hollon's opinion is that the dispute letter was inside and that Experian deliberately destroyed it under a shredding policy that, by his own account, ended years earlier. Ex. A at 213:7-18, 215:6-216:3. The presumption says nothing about contents, and Rule 703 does

- 4 -

not make an expert a conduit for counsel to span this gap. Hollon's basis is "the discussions with the retaining counsel," without which "I couldn't tell you what I would believe." *Id.* at 222:3–13. That is *ipse dixit* with "too great an analytical gap between the data and the opinion." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also McNabney v. Lab'y Corp. of Am.*, 153 F. App'x 293, 295 (5th Cir. 2005) (per curiam). Finally, averring that Hollon used "the same methodology" as in *Delgado*, Dkt. 126-1 ¶ 6, identifies no methodology. Experience suffices only if the witness explains "how that experience leads to the conclusion reached." Fed. R. Evid. 702 advisory committee's note to 2023 amendment. *Johns* found this witness offers "no explanation" at all, 2026 WL 914621, at *15, and cross-examination cures only "shaky *but admissible*" evidence. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) (emphasis added). Plaintiff has not carried his Rule 702 burden.

The report repeatedly fills factual gaps with unsupported opinion. Hollon opines that Experian's "true customer" is data furnishers rather than consumers based in part on what he believes Experian's counsel "inferred" in a deposition question, Ex. B at 45–47, the same technique Experian raised in *Delgado*. And asked whether any of his reports has ever found an adequate investigation, he stated: "As I sit here right now, I do not know." Ex. A at 233:3–6. *Johns* rejected precisely such vouching. Where an opinion does not "dependably flow from the facts," "[i]t is the province of the jury, not an expert, to make credibility determinations." 2026 WL 914621, at *17.

**F.      At Minimum, Hollon's Testimony Should be Limited Consistent with the Declaration.**

If the Court permits Hollon to testify at all, it should hold Plaintiff to the Response and declaration: no testimony about his damages or their cause; none that Experian received, ignored, or destroyed a dispute; and no reasonableness or adequacy conclusions *however phrased*, including "adequate," "true investigation," and their variants, his sworn substitutes for the legal standard.

Respectfully submitted this 6th day of July, 2026.

/s/ Grant Edward Lavelle Schnell
Grant Edward Lavelle Schnell, Esq.
(Admitted *Pro Hac Vice*)
1900 N Street, NW
Washington, DC 20036
Phone: (202) 346-4000
Email: gschnell@goodwinlaw.com

Jeffrey Allen Olmsted
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Phone: 617-570-1000
Email: jolmsted@goodwinlaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

- 6 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell, Esq.
